UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Elmore Teagle,

        Petitioner,

vs.                              Case No. 2:06-cv-666-FtM-99SPC

Secretary of Department of Children
and Family Services,

        Respondent.
_____

## OPINION AND ORDER

This matter comes before the Court upon initial review of the file. On December 14, 2006, Petitioner filed a Petition for the Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254. Petitioner did not accompany his Petition with the requisite filing fee or a Motion to proceed *in forma pauperis*.

Petitioner filed his Petition as a convicted state felon who is currently detained at the Florida Civil Commitment Center ("FCCC") awaiting his Jimmy Ryce civil commitment trial ("Jimmy Ryce Trial"), pursuant to Fla. Stat. § 394.910-.931. In the Petition, Petitioner seeks release, through issuance of a writ of *habeas corpus*, from the FCCC, arguing that his current confinement at the FCCC is unlawful and unconstitutional. Petitioner argues, *inter alia*, that "[t]he proceedings for Civil Commitment under the Jimmy Ryce Act . . . were started after the allowable time." (Doc. #1 at 8.) Additionally, Petitioner claims that his meeting with the psychologist from the Department of Children and Families was

an adversarial proceeding in which Petitioner should have been appointed counsel. Thus, because Petitioner was not appointed counsel, Petitioner claims his due process rights were violated. According to the Petition, it appears that as of December 12, 2006, Petitioner has not had his Jimmy Ryce Trial.

Considering that Petitioner's civil commitment trial proceedings remain pending, dismissal of this Petition is warranted. Petitioner has not yet been declared a sexually violent predator in need of commitment under the Jimmy Ryce Act because the Jimmy Ryce Trial has not yet been conducted. If found by the jury to meet the requirements for civil commitment, a final judgment of commitment would be entered, and Petitioner would have the right to appeal the decision and exhaust his constitutional claims in the state courts. Alternatively, the Jimmy Ryce Trial may conclude in his favor and result in Petitioner's release, thus mooting this Petition.

Because it appears that Petitioner's Jimmy Ryce Trial has not yet taken place, the Court determines that the Petition should be dismissed as premature. See Younger v. Harris, 401 U.S. 37 (1971) (holding that federal courts should abstain from interfering with pending state proceedings when the pending state proceedings are judicial in nature, the proceedings involve important state interests, and the proceedings offer adequate opportunity to raise any constitutional issues); Maharaj v. Sec'y Dep't of Corr., 304

F.3d 1345 (11th Cir. 2002) (federal habeas petition was not ripe for review when state judgment was not yet final).

ACCORDINGLY, it is hereby

**ORDERED**:

1. Petitioner's Petition for the Writ of Habeas Corpus (Doc. #1) is **DISMISSED** without prejudice except as to any application of the federal statute of limitations or other procedural bars that may apply.

2. The **Clerk of Court** shall: (1) terminate any pending motions; (2) enter judgment accordingly; and (3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this   18th   day of December, 2006.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record